UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE PRE IPO MARKETPLACE INC.; KEYPORT VENTURE PARTNERS, LLC; KEYPORT VENTURE MANAGEMENT, LLC; KEYPORT VENTURE ADVISORS, LLC; PRINCIPAL PRE-IPO CONSULTING GROUP LLC; GLOBALX VC LLC; JOHN LOPINTO; ROBERT WILKOS; and LAREN PISCIOTTI,<br>Defendants. | No. 1:24-cv-06886-AMD-CLP |

**CONSENT MOTION FOR ENTRY OF JUDGMENT
AS TO DEFENDANTS JOHN LOPINTO, THE PRE IPO MARKETPLACE INC.;
KEYPORT VENTURE PARTNERS, LLC;  KEYPORT VENTURE MANAGEMENT,
LLC; AND KEYPORT VENTURE ADVISORS, LLC**

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this consent motion to enter judgment according to the parties' settlement. In support of this motion, the Commission states the following:

1. On September 30, 2024, the Commission filed its Complaint against Defendants The Pre IPO Marketplace Inc., Keyport Venture Partners, LLC, Keyport Venture Management, LLC, Keyport Venture Advisors, LLC, Principal Pre-IPO Consulting Group LLC, GlobalX VC LLC, John LoPinto, Robert Wilkos, and Laren Pisciotti, alleging violations of the federal securities laws.

2. The Commission and Defendants John LoPinto ("LoPinto"), The Pre IPO Marketplace Inc. ("Marketplace"), Keyport Venture Partners, LLC ("Keyport Partners"), Keyport Venture Management, LLC ("Keyport Management"), and Keyport Venture Advisors, LLC ("Keyport Advisors," collectively with Keyport Partners and Keyport Management, "Keyport

Defendants," and Keyport Defendants collectively with Marketplace, the "Marketplace Defendants") have now reached a settlement in this case.

3. Attached as **Exhibit 1** is the executed Consent of Defendant LoPinto setting forth the terms of the parties' settlement agreement. Attached as **Exhibit 2** is the proposed Judgment as to Defendant LoPinto to which the parties have agreed. Attached as **Exhibit 3** is the executed Consent of the Marketplace Defendants setting forth the terms of the parties' settlement agreement. Attached as **Exhibit 4** is the proposed Judgment as to the Marketplace Defendants to which the parties have agreed.

4. Pursuant to the settlement, Defendant LoPinto neither admits nor denies the allegations in the Complaint. The proposed Judgment as to LoPinto would:

(a) permanently restrain and enjoin Mr. LoPinto from violating Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e, 77q(a)], Sections 10(b) and 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78o(a)(1)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 (the "Investment Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), (4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8];

(b) permanently restrain and enjoin Mr. LoPinto, pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. §§ 78u(d)(1) and (d)(5)], Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], and Section 209(d) of the Advisers Act [115 U.S.C. § 80b-9(d)], from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent him from purchasing or selling securities listed on a national securities exchange for his own personal account;

(c) order that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Advisers Act Section 209 [15 U.S.C. § 80b-9] and, if so, the amount(s) of the disgorgement and/or civil penalty; and

(d) order that, upon motion of the Commission, the Court shall determine whether to enter an order barring LoPinto from serving as an officer or director of any issuer whose securities are registered with the Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or which is required to file reports with the Commission pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

5. Pursuant to the settlement, Defendant Marketplace neither admits nor denies the allegations in the Complaint. The proposed Judgment as to Marketplace would:

(a) permanently restrain and enjoin Marketplace from violating Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e, 77q(a)], Sections 10(b) and 15(a)(1) of the Exchange Act [15 U.S.C. §§ 78j(b), 78o(a)(1)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], Sections 206(1), (2), and (4) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2), (4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8]; and

(b) order that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Advisers Act Section 209 [15 U.S.C. § 80b-9] and, if so, the amount(s) of the disgorgement and/or civil penalty.

6. Pursuant to the settlement, the Keyport Defendants neither admit nor deny the

allegations in the Complaint. The proposed Judgment as to the Keyport Defendants would:

(a) permanently restrain and enjoin the Keyport Defendants from violating Section 17(a) of the Securities Act [15 U.S.C. §§ 77e, 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b), 78o(a)(1)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], Sections 206(1), (2), and (4) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2), (4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8]; and

(b) order that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Advisers Act Section 209 [15 U.S.C. § 80b-9] and, if so, the amount(s) of the disgorgement and/or civil penalty.

7. A hearing is waived on this consent motion.

The SEC respectfully requests that the Court enter the proposed Judgments attached hereto as Exhibits 2 and 4.

Dated: January 31, 2025

> Respectfully submitted,
>
> /s/ *John B. Timmer*

By: /s/ *John B. Timmer*
John B. Timmer (admitted pro hac vice)
Daniel J. Ball (admitted pro hac vice)
Randall D. Friedland (admitted pro hac vice)
Eleanor J.G. Wasserman
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549
(202) 551-7687 (Timmer)
(202) 551-5987 (Ball)
(202) 551-5284 (Friedland)
(202) 551-3992 (Wasserman)
Email: TimmerJ@SEC.gov
Email: BallDan@SEC.gov
Email: FriedlandRa@SEC.gov
Email: WassermanE@SEC.gov

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, this motion was filed electronically with the Court. The filing will be sent to the registered participants as identified on the Notice of Electronic Filing and may also be accessed through the Court's ECF system.

Dated: January 31, 2025            /s/ *John B. Timmer*
                                   John B. Timmer