# STATUS REPORT CLARIFICATION AND REPLY TO COMMISSION OPPOSITION

Re: SEC v. The Pre-IPO Marketplace Inc., et al., No. 24-cv-06886 (AMD-CLP)

Dear Judge Pollack:

I respectfully submit this clarification and reply in light of the Commission's opposition (ECF 65).

**Procedural History**
On July 24, 2025, the Court directed me to prepare a written Status Report. On August 5, 2025, in accordance with the Court's instruction to notify chambers if issues arose, I submitted a request to speak with the Court. Based on that request, the Court scheduled a hearing for August 12, 2025.

On August 12, 2025, I appeared before the Court and explained in detail the privilege and conflict issues involving my former counsel at Cadwalader, the arbitration that counsel has since initiated against me, and my ongoing medical hardship. Following that hearing, the Court directed me to submit a written Status Report by August 22, 2025, which I timely filed.

Accordingly, my Status Report was not a voluntary or duplicative request, as the Commission suggests, but rather a court-ordered filing. It also differed materially from the prior stay motion (ECF 49), which had been filed by conflicted former counsel.

**Substantive Response to the Commission's Opposition**
1. Conflicts and Privilege Breach
The Commission argues that my dispute with Cadwalader "does not impact" my ability to retain new counsel. This ignores the reality: Cadwalader was not simply prior counsel, but the same firm that filed the earlier stay motion (ECF 49), and is now adverse to me in arbitration after disclosing privileged information without my consent. This has created serious conflict, confusion, and exposure that I must address before attempting to engage new counsel. To portray these conflicts as irrelevant is to minimize the prejudice already caused to me as a defendant.

2. Medical Hardship
The Commission discounts my ongoing medical hardship (PSVT), pointing to isolated communications I have managed to make. But PSVT is an episodic and unpredictable condition. A brief 90-day stay is not indefinite delay — it is a reasonable ADA accommodation to allow me to continue attempting to stabilize, attempt to obtain counsel, and participate meaningfully in these proceedings. The Commission's suggestion that my ability to file limited correspondence proves I can sustain full litigation ignores the medical evidence already provided to the Court.

3. Prejudice to Investors
The Commission emphasizes prejudice to investors. But justice requires balancing investor recovery with a defendant's constitutional rights to counsel, privilege, and due process. Rushing forward while privilege issues and conflicts remain unresolved risks compromising the integrity of the record and may only generate further delay down the line. A short, finite stay now protects both the fairness of these proceedings and the interests of final resolution for all parties.

**Conclusion**
The Commission's opposition manipulates the procedural record by collapsing distinct events together and disregarding the current issues at hand — including conflicts with prior counsel, the privilege

breach, and safety concerns the Commission is well aware of. These are materially new circumstances that were not before the Court when it denied the earlier Cadwalader-filed motion.

For these reasons, I respectfully request that the Court grant the 90-day stay set forth in my Status Report or such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Laren Pisciotti
Laren Pisciotti, Pro Se
Sole Managing Member, GlobalX VC LLC