**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF NEW YORK

*rec. in pdrive on 9/25/25

Securities and Exchange Commission,
Plaintiff,

v.

John LoPinto, et al.,
Defendants.

Case No. 1:24-cv-06886 (E.D.N.Y.)

## STATUS UPDATE FROM DEFENDANT LAREN PISCIOTTI (PRO SE)

I respectfully submit this status update pursuant to the Court's August 29, 2025 Order. Out of an abundance of concern for my safety and the integrity of legal procedure, I want the Court to have an accurate record of my ongoing efforts and the obstacles beyond my control.

**Counsel Status**

As of today, I have not retained new counsel. I remain pro se for myself. With respect to GlobalX VC LLC, of which I am the sole member, the entity cannot appear pro se. I continue to make good-faith efforts to secure representation for GlobalX VC LLC, but those efforts have been impeded by the withholding of my client file and hard drive by Cadwalader and the failure of Consilio to provide chain-of-custody and access records.

I also continue to face a retaining lien on my legal files, unresolved conflicts, and breaches of privilege. Until I am able to review my complete records, it has not been possible to finalize retention of substitute counsel.

**Efforts Since July 2025**

• July 2025: I began sending letters to Cadwalader demanding return of my file and records. These were acknowledged but did not result in production.
• Aug. 20 & Aug. 27, 2025: I followed up with more detailed letters documenting privilege

breaches, concealment of billing entries, and requesting production of my file.
• Sept. 11, 2025: Cadwalader acknowledged those letters but continued to press its arbitration position rather than producing my records.
• After Sept. 11, 2025: I sent additional responses, which resulted only in further posturing and no outcome.
• Sept. 6 & Sept. 19, 2025: I wrote to Consilio's Mr. Flanagan demanding chain-of-custody and access records. No response has been received.

Despite consistent efforts since July, my file and property remain withheld, and each attempt has only been met with delay, posturing, or diversions into arbitration.

**Oversight Complaints**

On September 23, 2025, I filed:

• Bar Grievance: against Cadwalader attorneys, documenting unauthorized disclosure of privileged information, withholding of my file and billing records, misrepresentations about influence with prosecutors and political figures, improper coaching and coercion, exclusion of co-counsel, arbitration posturing when I sought my records, and undisclosed conflicts of interest.
• OIG Complaint: with the SEC Office of Inspector General, documenting the SEC's refusal of attorney proffers for years, rescinded investigative actions, a later reversal that undermined my rights, privilege breaches, and SEC staff's mischaracterization of my ADA concerns.

I reference these oversight filings only to show diligence and good faith. Nothing herein waives attorney–client privilege, work product, or confidentiality.

**Supporting Letters Under Seal**

I am prepared to file, under seal, copies of the September 23, 2025 OIG complaint and Attorney Grievance Committee grievance, together with the letters I have sent to Cadwalader since July 2025 requesting return of my client file and property. These documents contain sensitive attorney–client information, billing records, and references to investigative matters. I do not waive any privilege, work product, or confidentiality, and I offer them under seal solely so that the Court may have a complete record of my diligence and the obstacles I have faced.

**SEC's Role in Pre-Filing Delays**

As documented in my OIG complaint, the SEC itself caused significant delays during the investigative stage. For years, my counsel offered attorney proffers, which were refused. Investigative measures were then issued and later rescinded, and only afterward did the SEC reverse course and permit proffers under conditions that undermined my rights.

In truth, I sought to cooperate in good faith by offering attorney proffers early, but those offers were rejected. These inconsistencies materially delayed resolution before the case was filed. The SEC's current filings portray me as the sole cause of delay, while omitting its own earlier actions.

**ADA and Medical Concerns**

I suffer from paroxysmal supraventricular tachycardia (PSVT) and a complete heart block requiring a pacemaker. My physicians have directed me to avoid sustained litigation stress. While I can make limited communications, I require ADA accommodation to participate safely.

SEC filings have mischaracterized these conditions, even suggesting I never raised them. That is inaccurate. I filed with the OIG to ensure this discriminatory treatment is investigated and addressed.

**Cross-Contamination of Prejudice**

This enforcement action itself is what is prejudicing me in other proceedings. Opposing parties in arbitration and related cases have cited filings from this matter as though they were established facts, using Your Honor's extensions and the SEC's mischaracterizations to portray me as uncooperative.

The prejudice is therefore not limited to delay here — it is actively compounding elsewhere. The same breaches and withheld records are prejudicing me in arbitration initiated by Cadwalader, in matters tied to GlobalX VC LLC, and in other active proceedings. In some forums, filings from this case have even been used as courtroom theatre.

The result is cross-contamination: issues arising in this enforcement action are spreading into parallel matters, compounding the prejudice and undermining my ability to defend myself fairly.

**Options for the Court**

In light of these circumstances, I respectfully ask Your Honor to consider the following options for relief:

1. Stay — enter a stay of this proceeding until I have received my full client file, hard drive, and chain-of-custody records, and have had a fair opportunity to retain counsel.
2. Related Proceedings — extend such a stay, or recommend parallel stays, in related proceedings within this Court's jurisdiction to prevent cross-contamination and compounding prejudice.
3. Extension — at minimum, grant additional time for GlobalX VC LLC to secure counsel, given the unresolved file-withholding and retaining lien issues.
4. Oversight Coordination — take notice of the pending OIG and Attorney Grievance Committee complaints and allow time for those oversight processes to conclude.
5. Dismissal — if the prejudice caused by SEC's pre-filing delays, file-withholding, privilege breaches, and ADA violations cannot be cured, dismissal may be the only remedy capable of restoring fairness.

**Anticipated SEC Response**

I recognize that the SEC may respond to this update by repeating its prior arguments: that I am responsible for delays, that investors are prejudiced, and that my oversight complaints are irrelevant. Those arguments are incomplete.

The record shows that I have been diligent in sending repeated letters since July seeking my file and property, in filing grievances with the Attorney Grievance Committee, and in filing an OIG complaint with the SEC itself. These steps demonstrate good faith, not delay.

The SEC's portrayal also omits its own role in creating pre-filing delays by refusing attorney proffers, rescinding investigative actions, and later reversing course under conditions that undermined my rights. To the extent the SEC claims investor prejudice, it is important for the Court to have a complete picture of the history and the actual causes of delay.

**Conclusion**

I provide this update in good faith to comply with the Court's Order and to preserve the record. I respectfully request that the Court take notice of my diligence, the obstacles I face, and the prejudice caused by unresolved issues that extend beyond this case.

I am filing this update out of extreme desperation, both for myself and for GlobalX VC LLC, to receive proper due process and to preserve even the possibility of fairness. At this stage, I am unsure whether due process can be achieved given the withholding of my file and property, the breaches of privilege, and the SEC's own role in creating delays that have been

mischaracterized as mine. I submit this letter so that the Court has a full and accurate record of my efforts and obstacles, and to request the Court's guidance on whether and how my rights and those of GlobalX VC LLC can still be meaningfully protected.

Nothing in this status update waives any rights, remedies, defenses, or privileges available to me or to GlobalX VC LLC. This letter does not constitute a complete list of the issues affecting this case or related proceedings, and is submitted solely to comply with the Court's August 29, 2025 Order. I expressly preserve all claims, objections, and defenses in this and any other forum.

Respectfully submitted,

/s/ Laren Pisciotti
Laren Pisciotti, Pro Se
Individually and as Sole Member, GlobalX VC LLC
16 Conover St.
Manalapan, NJ 07726