**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

THE PRE IPO MARKETPLACE INC., et al.,

Defendants.

Case No. 24-cv-06886-AMD-PCG

### WRITTEN REQUEST FOR ISSUANCE OF RULE 45 SUBPOENA

Defendant Laren Pisciotti, proceeding pro se, respectfully requests that the Clerk issue the attached subpoena directed to Valley National Bank pursuant to Federal Rule of Civil Procedure 45(a)(3).

The subpoena seeks account-opening, ownership, signer, authority, access, transaction, communication, telephone, subpoena-response, and production records relevant to the claims and defenses in this action. The Relevant Period begins October 1, 2019 and continues through the date of compliance, presently August 20, 2026 at 10:00 a.m.

The Clerk-signature and issuance-date fields on the proposed subpoena are intentionally left blank for completion by the Clerk. Defendant will provide the notice and copy required by Rule 45(a)(4) before serving the subpoena on Valley National Bank.

Respectfully submitted,

/s/ Laren Pisciotti
Laren Pisciotti, Defendant Pro Se
16 Conover St.
Manalapan, NJ 07726
larenpisciotti@yahoo.com
732-299-8706

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,                    **Case No. 24-cv-06886-AMD-PCG**

    Plaintiff,

    v.

THE PRE IPO MARKETPLACE INC., et al.,

    Defendants.

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45(a)(4), that Defendant Laren Pisciotti, proceeding pro se, intends to serve the attached subpoena upon Valley National Bank after issuance by the Clerk. The subpoena commands production of the documents and electronically stored information described in Attachment A by August 20, 2026 at 10:00 a.m.

The subpoena is directed to Valley National Bank bank-wide, including but not limited to its Keyport, New Jersey branch. The requests include account-opening and authority records; all communications, calls, texts, documents, attachments, internal bank communications, and account records involving the persons and entities identified in Attachment A; and communications, subpoenas, subpoena returns, and productions involving the Securities and Exchange Commission. The Relevant Period begins October 1, 2019 and continues through the date of compliance, presently August 20, 2026.

Dated: July 13, 2026

Respectfully submitted,

/s/ Laren Pisciotti
Laren Pisciotti, Defendant Pro Se
16 Conover St.
Manalapan, NJ 07726
larenpisciotti@yahoo.com
732-299-8706

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

Securities and Exchange Commission

*Plaintiff*

v.

The Pre IPO Marketplace, Inc., et al.

*Defendants*

Civil Action No. 24-cv-06886-AMD-PCG

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Valley National Bank

*(Name of person to whom this subpoena is directed)*

☑ *Production:*  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See ATTACHMENT A

| Place: | Date and Time: |
|---|---|
| 16 Conover St.<br>Manalapan, NJ 07726<br>Electronic delivery accepted: larenpisciotti@yahoo.com | August 20, 2026 at 10:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing (name of party) **Laren Pisciotti, Defendant Pro Se**, who issues or requests this subpoena, are:
Laren Pisciotti, 16 Conover St., Manalapan, NJ 07726; larenpisciotti@yahoo.com; 732-299-8706

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-06886-AMD-PCG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for (name of individual and title, if any) _____

on (date) _____.

[ ] I served the subpoena by delivering a copy to the named person as follows:

_____

on (date) _____; or

[ ] I returned the subpoena unexecuted because:

_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

_____

_____

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A
### DEFINITIONS, INSTRUCTIONS, AND DOCUMENT REQUESTS
### VALLEY NATIONAL BANK

## DEFINITIONS AND INSTRUCTIONS

1. "Document" and "documents" are used in the broad sense permitted by Federal Rule of Civil Procedure 34 and include paper records, electronically stored information, native files, emails, attachments, text messages, chats, audio recordings, voicemail, images, spreadsheets, databases, account notes, customer-service records, metadata, and data maintained in any reasonably accessible form.

2. "Communication" means every transmission or exchange of information, whether written, electronic, recorded, or oral, including emails, letters, text messages, internal messages, chat messages, telephone calls, call recordings, call logs, voicemail messages, meeting notes, interview notes, customer-service notes, account notes, memoranda, referrals, escalations, attachments, and document transmissions.

3. "Valley National Bank" means Valley National Bank and all of its branches, departments, offices, employees, officers, managers, agents, representatives, counsel, contractors, service providers, records custodians, predecessors, successors, parents, subsidiaries, divisions, and affiliates, including, but not limited to, the Keyport, New Jersey branch.

4. "Relevant Period" means the period beginning October 1, 2019 and continuing through the date of compliance with this subpoena, presently August 20, 2026, unless a request expressly states otherwise.

5. "Relevant Bank-Associated Persons" means Danielle Marcune and Kyle at extension 1007, each believed to be or to have been associated with Valley National Bank, together with every Valley National Bank employee, officer, manager, agent, representative, contractor, or service provider identified in responsive records.

6. "Relevant Account Persons" means Laren Pisciotti; John Lopinto; Stefanie Lopinto; Robert Wilkos; France Wilkos; John S. Cangialosi, Jr.; Peter N. Girgis; Gene "Jerry" Sarabella; Enrico A. "Ed" Carini; and every person identified in responsive records as an owner, signer, authorized signer, beneficial owner, account administrator, online-banking user, controller, representative, or person with actual or purported authority over a Relevant Account.

7. "Relevant Entities" means GlobalX VC LLC; The Pre IPO Marketplace Inc.; Max Infinity Management LLC d/b/a Max Infinity Fund; Max Infinity Venture Partners, Inc.; Elder Fund Management LLC; JJRP United Corp; Grand Level Consulting Inc.; and any related entity, series, affiliate, trade name, assumed name, or account for which a Relevant Account Person was identified, represented, or recorded as an owner, signer, authorized signer, beneficial owner, administrator, online-banking user, controller, representative, or person with actual or purported authority.

8. "SEC Persons" means Pei Y. Chung; John B. Timmer; Daniel Ball; Randall Friedland; Elizabeth Doisy; Eleanor J.G. Wasserman; Jeffrey Anderson; Peter Rosario; Ms. Bogert; James Connor; and any other employee, attorney, investigator, accountant, examiner, analyst, contractor, agent, supervisor, or representative of the United States Securities and Exchange Commission identified in responsive records.

9. "Relevant Accounts" means the specifically identified accounts below and every other Valley National Bank account opened, owned, maintained, controlled, accessed, administered, funded, used, or otherwise held for a Relevant Account Person or Relevant Entity, or on which any such person or entity was identified as an owner, signer, authorized signer, beneficial owner, account administrator, online-banking user, controller, representative, or person with actual or purported authority.

10. The requests for communications apply to communications among or between any combination of Valley National Bank, Relevant Bank-Associated Persons, Relevant Account Persons, Relevant Entities, SEC Persons, and any other person or entity identified in responsive records. The requests include external communications and internal Valley National Bank communications concerning, referring to, forwarding, summarizing, discussing, or acting upon those communications.

11. Produce responsive documents as kept in the ordinary course of business or organize and label them to correspond to the numbered requests. Produce electronically stored information in native or reasonably usable form with available metadata. Preserve complete email and message threads, attachments, parent-child relationships, original filenames, dates, times, senders, recipients, copying information, and available file-path or custodian information.

12. For audio or telephone records, produce available recordings in their original or ordinarily maintained format and produce associated call metadata, logs, notes, transcripts, voicemail, date, time, duration, originating number, terminating number, extension, participants, subject, and disposition.

13. If responsive material is withheld under a claim of privilege or protection, provide a privilege log identifying the date, author, recipients, general subject matter, type of document, and basis for withholding, without revealing protected information.

14. If a responsive record no longer exists or cannot be located, identify the category of record, its subject, date, participants, ordinary retention period, and, if known, when and how it was deleted, destroyed, overwritten, lost, or became unavailable.

15. This subpoena requests records within Valley National Bank's possession, custody, or control and is not limited to records physically maintained at the Keyport branch or any other single location.

16. Notwithstanding any instruction or prior production, documents previously produced, transmitted, shown, or otherwise provided to the Securities and Exchange Commission must be produced in full in response to these requests and may not be omitted merely because they were previously provided to the Commission.

17. This subpoena is continuing in nature. Valley National Bank must supplement its production if additional responsive documents, communications, recordings, account records, or electronically stored information are later located or become available before the date of compliance.

## SPECIFICALLY IDENTIFIED ACCOUNTS

- GlobalX VC LLC account no. 42626110
- Stripe 2 account no. 42626293
- Orbital Insight A Series of the Pre IPO Marketplace LLC account no. 42625963
- Stripe A Series of the Pre IPO Marketplace LLC account no. 42625998
- Pre IPO Market Place Inc. Commission account no. 42626021
- Thoughtspot A Series of the Pre-IPO Marketplace LLC account no. 42626048
- Pre IPO Marketplace Inc. account no. 42626862

## MATERIALS TO BE PRODUCED

**A.** Documents sufficient to identify every Relevant Account, including the account title, complete account number, account type, opening and closing dates, branch, owners, beneficial owners, signers, authorized users, administrators, and persons with authority to access, control, or transact through the account.

**B.** All account-opening and account-authority documents for every Relevant Account, including applications, signature cards, corporate or partnership resolutions, operating agreements, articles of organization or incorporation, beneficial-ownership certifications, identification documents, tax forms, account agreements, online-banking enrollment documents, amendments, attachments, exhibits, and all documents submitted to or created by Valley National Bank in connection with opening, reviewing, approving, or maintaining the account.

**C.** All documents and communications concerning any addition, removal, replacement, or modification of an owner, signer, authorized signer, beneficial owner, administrator, mailing address, email address, telephone number, online-banking user, security credential, transaction authority, or other account-access or account-control information for any Relevant Account.

**D.** All monthly account statements for every Relevant Account during the Relevant Period.

**E.** All supporting documents for transactions reflected in the statements for every Relevant Account during the Relevant Period, including the front and back of checks, canceled checks, deposit slips, deposited items, debit and credit notices, drafts, money orders, wire-transfer instructions, authorizations, memoranda, confirmations, ACH records, internal transfers, withdrawals, reversals, rejected transactions, and account adjustments.

**F.** All communications between Valley National Bank and Laren Pisciotti or GlobalX VC LLC, and all internal Valley National Bank communications concerning or referring to Laren Pisciotti or GlobalX VC LLC, including communications concerning account opening, ownership, beneficial ownership, signatures, authority, access, transactions, account control, complaints, disputes, restrictions, or suspected unauthorized activity.

**G.** All communications between Valley National Bank and any Relevant Account Person or Relevant Entity concerning any Relevant Account, account opening, ownership, beneficial ownership, signatures, authority, access, transactions, account control, complaints, disputes, restrictions, or suspected unauthorized activity.

**H.** All communications among, between, or involving any combination of the Relevant Account Persons and Relevant Entities, to the extent such communications were sent to, received by, copied to, forwarded to, summarized by, recorded by, or maintained by Valley National Bank.

**I.** All communications between Valley National Bank and every person identified in responsive records as an owner, signer, authorized signer, beneficial owner, account administrator, online-banking user, controller, representative, or person with actual or purported authority over any Relevant Account.

**J.** All documents and communications sent, received, copied, forwarded, reviewed, recorded, summarized, referenced, created, or maintained by or involving Danielle Marcune, believed to be or to have been associated with Valley National Bank, to the extent she was employed by, acted for, communicated on behalf of, or was otherwise associated with Valley National Bank. This includes all communications concerning any Relevant Account Person, Relevant Entity, Relevant Account, signer, account opening, authority, access, signature, transaction, account control, complaint, dispute, restriction, or suspected unauthorized activity.

**K.** All documents and communications sent, received, copied, forwarded, reviewed, recorded, summarized, referenced, created, or maintained by or involving Kyle, extension 1007, believed to be or to have been associated with Valley National Bank, to the extent he was employed by, acted for, communicated on behalf of, or was otherwise associated with Valley National Bank. This includes all communications concerning any Relevant Account Person, Relevant Entity, Relevant Account, signer, account opening, authority, access, signature, transaction, account control, complaint, dispute, restriction, or suspected unauthorized activity.

**L.** All documents and communications among, between, or involving any Valley National Bank employee, officer, manager, branch, department, unit, agent, representative, contractor, service provider, records custodian, or other person acting for or associated with Valley National Bank, bank-wide, including but not limited to the Keyport, New Jersey branch, concerning any Relevant Account Person, Relevant Entity, Relevant Account, signer, account opening, ownership, beneficial ownership, authority, access, signatures, transactions, account control, complaints, disputes, restrictions, or suspected unauthorized activity. This request is in addition to, and does not limit, Requests F through K.

**M.** All available online- and mobile-banking audit trails for every Relevant Account, including user profiles, usernames, enrollment records, access permissions, login dates and times, IP addresses, device identifiers, multifactor-authentication records, password-reset records, security-question changes, failed-login records, and records showing which user initiated, approved, modified, or canceled a transaction.

**N.** All documents and communications identifying each Valley National Bank employee, officer, agent, branch, department, or service provider involved in opening, reviewing, approving, maintaining, modifying, restricting, investigating, or closing any Relevant Account.

**O.** All documents and communications concerning the collection, verification, comparison, acceptance, rejection, or investigation of any signature, identification document, beneficial-ownership information, authorization, or purported authority submitted in connection with a Relevant Account.

**P.** All nonprivileged documents and communications concerning suspected unauthorized access, disputed authority, inconsistent signatures, account takeover, fraud alerts, identity-verification concerns, complaints, escalations, account restrictions, or internal investigations relating to any Relevant Account Person, Relevant Entity, or Relevant Account.

**Q.** All telephone records relating to communications requested above, including available recordings, logs, notes, transcripts, voicemail messages, dates, times, participants, duration, originating and terminating numbers, extensions, subject, and disposition.

**R.** Documents sufficient to identify Danielle Marcune and Kyle, extension 1007, including their full names, titles, departments, branch locations, dates of association with Valley National Bank, supervisors, and business contact information, to the extent maintained by Valley National Bank.

**S.** All subpoenas, administrative subpoenas, document requests, informal requests, preservation notices, follow-up requests, supplemental requests, correspondence, and other communications between Valley National Bank and the Securities and Exchange Commission, including any SEC Person, concerning any Relevant Account Person, Relevant Entity, Relevant Account, or the subject matter of this action.

**T.** All subpoena responses, subpoena returns, objections, certifications, declarations, acknowledgments, transmittal letters, cover letters, production inventories, Bates-number lists, privilege logs, records identifying documents withheld or redacted, supplemental productions, corrected productions, and other responses that Valley National Bank provided to the Securities and Exchange Commission or any SEC Person concerning any Relevant Account Person, Relevant Entity, Relevant Account, or the subject matter of this action.

**U.** A complete copy of every document, account record, communication, data file, spreadsheet, native file, image, audio recording, attachment, certification, declaration, or other material that Valley National Bank produced, transmitted, displayed, or otherwise made available to the Securities and Exchange Commission or any SEC Person concerning any Relevant Account Person, Relevant Entity, Relevant Account, or the subject matter of this action, including all available metadata and Bates numbers.

**V.** All communications between Valley National Bank and the Securities and Exchange Commission or any SEC Person concerning the scope, collection, search, review, production, correction, supplementation, withholding, redaction, authentication, certification, receipt, or use of records, including emails, letters, telephone calls, call logs, meeting notes, interview notes, internal messages, account notes, memoranda, referrals, escalations, and communications identifying custodians, search terms, date ranges, or sources searched.

**W.** All secure-file-transfer records, upload and download confirmations, delivery receipts, chain-of-custody records, production logs, transmittal records, and documents identifying the date, method, sender, recipient, Bates range, filename, volume, and contents of each production or transmission to the Securities and Exchange Commission or any SEC Person.

**X.** All internal Valley National Bank documents and communications concerning any SEC subpoena, request, inquiry, investigation, interview, meeting, production, return, supplemental production, corrected production, or follow-up involving any Relevant Account Person, Relevant Entity, Relevant Account, or the subject matter of this action.

**Y.** Documents sufficient to show Valley National Bank's record-retention policies applicable during the Relevant Period to account-opening records, signature cards, customer communications, call recordings, account notes, online-access logs, transaction records, account statements, subpoenas, subpoena responses, productions, and secure-file-transfer records.

**Z.** A completed business-records certification under Federal Rule of Evidence 902(11) for the records produced, identifying the custodian or other qualified witness and confirming that the records were made and maintained in the ordinary course of Valley National Bank's regularly conducted business activity.

## BUSINESS-RECORDS CERTIFICATION

I, _____, declare under penalty of perjury under 28 U.S.C. § 1746 that:

1. I am employed by Valley National Bank as _____ and am authorized and qualified to certify the records produced in response to this subpoena.

2. The records produced are true copies of records that were made at or near the time of the matters recorded by, or from information transmitted by, a person with knowledge; were kept in the course of Valley National Bank's regularly conducted business activity; and were made as a regular practice of that activity.

Executed on _____, 2026.

Signature: _____

Printed name and title: _____