UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

October 15, 2026

**VIA ECF**

THE HONORABLE PEGGY CROSS-GOLDENBERG
United States Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *SEC v. The Pre IPO Marketplace Inc.,* No. 24-cv-06886-AMD-PCG**
**Pisciotti 90-Day Stay Request**

Dear Judge Cross-Goldenberg:

The SEC writes in opposition to the letter-motion filed by Defendant Laren Pisciotti on October 12, 2026 (ECF No. 102), seeking a 90-day stay of all proceedings due to medical necessity ("Stay Request"). With less than a month left in fact discovery, Defendant Pisciotti once again seeks a stay of discovery, this time for 90 days and to stay "all proceedings, including depositions, discovery, hearings, conferences, court appearances, filing deadlines, and any other litigation-related obligations, due to medical necessity . . . ." (ECF No. 102 at 1.) The Stay Request includes as an exhibit a brief letter from Defendant Pisciotti's physician (*id.* at 2) but cites to no other authority.

Although the SEC has previously agreed to several requested accommodations based on Pisciotti's medical condition, including scheduling flexibility, appropriate breaks during conferences and depositions, and remote participation where reasonably available, she has fallen well short of demonstrating the good cause necessary to justify a stay here. This is especially so where this case has been pending since late 2024, the Complaint alleges that Pisciotti alleged in sprawling fraud that harmed hundreds of investors, and Pisciotti has actively engaged in discovery aimed at the SEC and non-parties despite her medical condition.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Thomas v. N.Y. City Dep't of Educ.*, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quotation omitted). The moving party bears the burden of demonstrating "good cause" to warrant a stay. *See*, *e.g.*, *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). "In evaluating whether a stay of proceedings is appropriate, courts consider a variety of

factors, depending on the circumstances under which a stay is sought." *L.N.K. Int'l, Inc. v. Cont'l Cas. Co.*, 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023).

Courts consider at least the following factors here, none of which establish that there is good cause for a 90-days stay of these proceedings: "(1) the [ ] interests of the plaintiff[] in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff[] if delayed; (2) the private interests of and burden on the defendant[]; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *L.N.K. Int'l, Inc.* at *1, *citing Catskill Mountains Chapter of Trout Unlimited, Inc. v. Environmental Protection Agency*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (collecting cases). Each of these factors weighs strongly against Pisciotti's stay request.

*First*, the SEC has a strong interest in having this action proceed expeditiously, and it would be significantly prejudiced by continued delay. Since the case was filed over two years ago, seven of the nine named Defendants have settled as to liability with the SEC. The SEC is unable to proceed to the remedies stage with those Defendants, however, until such time as its case against the remaining Defendants—Laren Pisciotti and GlobalX VC LLC—has concluded. Accordingly, any further delays to the present action results in further delays to ultimately seeking monetary remedies regarding those harmed investors. Given the SEC's "strong interest in proceeding expeditiously to protect investors and remedy violations of the securities laws," *see SEC v. Chen, et al.*, No. 15-cv-07425, 2016 WL 7444922, at *2 (C.D. Cal. Apr. 2016), the case must proceed.

The prejudice to the SEC from delay would also be significant. This case is not in its early stages as the parties are approximately one month out from their fact discovery deadline. To date, the SEC has dedicated significant time and resources to complete fact discovery consistent with the Court's deadline. This case also concerns conduct from at least October 2019—over 7 years ago. A stay of proceedings would increase the risk that evidence may be lost as witnesses may relocate or their memories fade. *See Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (finding that delay "would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1377 (D.D.C. 1980) ("If Justice moves too slowly . . . witnesses may die or move away, memories may fade, or enforcement resources may be diverted.").

*Second*, the Stay Request fails to explain why Defendant's Pisciotti cannot complete the discovery process now while undergoing any necessary medical treatment, or why the situation will be different 90 days from now. Defendant Pisciotti barely attempts to meet her burden of demonstrating good cause, relying solely on a two-sentence letter from a physician.

This is not the first time Defendant Pisciotti has requested extensions based on her medical condition. *See, e.g.*, ECF Nos. 50, 56, 59. She does not claim that the medical condition is new. To date, even with the medical condition, Defendant Pisciotti has been highly engaged in the litigation, sending various requests to SEC staff, often demanding

responses be received in short order. Since September 30 alone, she has sent over 30 separate emails to undersigned counsel—often sending messages multiple times a day. On October 1, 2026, for example, she sent the staff a nine-page letter with 80 requests relating to how the SEC served a single third party deponent with his deposition subpoena—a deponent who ultimately failed to appear. As her conduct demonstrates, Defendant Pisciotti is capable of defending her interests in this litigation.

Undersigned counsel reaffirms that the SEC is willing to discuss any further reasonable accommodations that Defendant Pisciotti may request.

*Third*, the Court has an interest in resolving this case and in not having the case linger on its docket.

*Finally*, Defendant Pisciotti makes no mention of the public interest including the impact of the continued delay on the hundreds of investor victims in this case. These investors have a strong interest in seeing the SEC seek and obtain a judgment against all Defendants, as well as an interest in preventing Defendants from committing future securities law violations. *SEC v. Constantin*, No. 11-cv-4642(MHD), 2012 WL 1195700, at *4 (S.D.N.Y. Apr. 9, 2012). Moreover, the investing public has a strong interest in the integrity of the stock markets and to ensure those who defraud investors and manipulate markets are held accountable for their conduct. *See SEC v. Thrasher*, 92 CIV. 6987 (JFK), 1995 WL 456402, at *16 (S.D.N.Y. Aug. 2, 1995) ("[t]he public has a strong interest in federal agency civil enforcement actions"); *SEC v. CKB168 Holdings, Ltd.*, No. 13-cv-5584 (RRM), 2014 WL 12987223, at *3 n.3 (E.D.N.Y. Oct. 9, 2014) (emphasizing the "strong public interest in prompt adjudication of SEC actions alleging market fraud"). Both the investors in this action and the investing public have a compelling interest in the prompt adjudication of this action.

This case has been pending for over two years. Since that time, Defendant Pisciotti has made various attempts to delay this case from proceeding, including a prior stay request, ECF No. 32, numerous extension requests, *see* ECF No. 74 (summarizing 2025 requests), and a motion for a temporary restraining order, *see* ECF No. 86, among others. Notwithstanding these attempts, the SEC has continued to move this case forward, including producing over 170,000 documents to Defendants multiple times in multiple formats, noticing and taking depositions, and responding to a myriad of unreasonable demands from Defendant Pisciotti. Now, one month shy of the parties' fact discovery deadline of November 13, Defendant Pisciotti again attempts to stop this case from proceeding. Yet Defendant Pisciotti has not met her burden to demonstrate good cause.

The Stay Request should be denied and the current Scheduling Order should remain in place.

Respectfully submitted,

*/s/ MJF*______________
Michael J. Friedman

Daniel J. Ball
Securities and Exchange Commission
(202) 551-7977 (Friedman)
(202) 551-5987 (Ball)
friedmanmi@sec.gov
balldan@sec.gov
*Counsel for Plaintiff*

Via ECF
Ms. Laren Pisciotti
Mr. Jon-Jorge Aras on behalf of GlobalX VC LLC