*** Filed ***
05:10 PM, 19 Oct, 2026
U.S.D.C., Eastern District of New York

October 19, 2026

Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Securities and Exchange Commission v. LoPinto et al.
Case No. 1:24-cv-06886 (AMD)(PCG)
Request for Reconsideration of the October 16, 2026 Order Denying ECF No. 102 and for Interim Medical Relief

Dear Judge Cross-Goldenberg:

I am Laren Pisciotti, appearing pro se on my own behalf. I respectfully request reconsideration under Local Civil Rule 6.3 of the October 16, 2026 Order denying my request for a temporary medical stay, ECF No. 102.

I am preparing this limited request against the express medical advice I have received from my treating cardiologist, in an effort to preserve my rights and obtain medical relief. My effort to seek that relief should not be treated as proof that sustained participation in these proceedings is medically advisable.

I recognize the Court's concern about delay and its direction that the parties discuss accommodations. My request concerns whether those accommodations adequately address the current medical certification and the work I must personally perform to prepare and present my defense.

**1. The matters warranting reconsideration**

Reconsideration is appropriate where a party identifies material facts or controlling decisions that the Court overlooked and that could reasonably alter its conclusion. It is not an opportunity simply to repeat arguments already decided. Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

I respectfully submit that the Order did not address two material distinctions presented in ECF Nos. 102 and 104: first, the difference between scheduling accommodations and the physician's recommendation concerning stressful legal and court proceedings; and second, the difference between attempting limited communications to preserve rights and having the medical capacity for sustained preparation and participation.

My October 15 response explained that breaks and remote attendance would not relieve the demands of document review, preparation, conferences, depositions, and deadlines. ECF No. 104, pages 1-2. It also explained that responding while unwell did not establish that continued participation was medically advisable. ECF No. 104, pages 1 and 4. These distinctions could affect whether the accommodations contemplated by the Order adequately address the documented medical concern.

**2. The current certification and my responsibilities as a pro se litigant**

Dr. Scott R. Eisenberg's October 12, 2026 certification states:

> "This letter is to certify that Laren Pisciotti is currently under my care and due to her cardiac condition, including PSVT, it is my medical opinion that she should not proceed with any significant stressful condition (eg legal/court proceedings) over the next 90 days."

The certification accompanied ECF No. 102 and was before the Court when it ruled.

As a pro se litigant, I must personally review disputed documents, investigate possible forgeries, misspellings, and identity discrepancies, prepare court submissions, and pursue third-party discovery. These responsibilities extend beyond attending a deposition.

The specific prejudice I seek to avoid is the loss of a meaningful opportunity to complete that work before the applicable deadlines expire. Moving a deposition to another date within the same medical period does not itself address the preparation required. Breaks and remote attendance likewise do not resolve the demands of investigating records, preparing testimony, obtaining third-party evidence, and responding to substantive issues.

I respectfully request that the Court evaluate those obligations against the physician's current recommendation.

**3. My medical disclosures and when the physician documents were submitted**

**April 23, 2025 - ECF No. 46, page 1**

I informed the Court:

> "I am currently undergoing medical treatment for Paroxysmal Supraventricular Tachycardia (PSVT), a critical heart condition aggravated by stress."

I also stated:

> "My treating cardiologist has advised that I must remain low stress under any circumstance at all cost."

This one-page submission reported my medical circumstances. It did not contain an attached physician's note.

**June 26, 2025 - ECF No. 50, page 1**

I stated:

> "As previously disclosed, I remain under active medical treatment for Paroxysmal Supraventricular Tachycardia (PSVT), a condition aggravated by stress, in addition to my Complete Heart Block managed with a pacemaker."

I further stated:

> "On June 20, 2025, I was evaluated by my cardiologist, who reaffirmed that I must not be exposed to stress-related environments or responsibilities due to risk of exacerbating both PSVT and hypertension."

I explained that a follow-up was scheduled for July 14, 2025, to reassess my status and capacity for legal or administrative responsibilities, including retaining counsel. This two-page submission did not contain an attached physician's note.

**July 1, 2025 - ECF No. 52, page 1**

Responding to the Commission's June 30 opposition, I stated:

> "As I mentioned in prior proceedings, my medical condition was discussed on the record during the March 6, 2025 hearing."

I expressly corrected the Commission's assertion that I had made no mention of my condition. This response did not contain an attached physician's note.

**July 2, 2025 - Court order, ECF No. 54**

The Court directed me to provide a doctor's note explaining my health status by July 16, 2025, together with information concerning the retaining lien and securing counsel.

**July 14, 2025 - Supplemental submission, ECF No. 56**

I stated:

> "I respectfully submit this supplemental letter in response to the Court's July 2, 2025 Order directing me to (1) provide a medical certification of my current health condition, and (2) describe the steps taken to retain successor counsel and resolve the outstanding retaining lien."

ECF No. 56, page 1.

That submission included three physician documents:

April 16, 2025 note. My supplemental submission quoted Dr. Eisenberg's note as follows:

> "Ms. Pisciotti must be in a reduced stress environment re: significant PSVT, which can be life-threatening. She is currently undergoing medical treatment."

The quotation appears in ECF No. 56, page 1. The handwritten note is included on page 3.

June 12, 2025 note. My supplemental submission quoted Dr. Eisenberg's note as follows:

> "My patient may not be exposed to any stressful environment, work, or otherwise, for risk of worsening of her medical conditions: tachycardia."

The quotation appears in ECF No. 56, page 1. The handwritten note is included on page 4.

July 14, 2025 signed letter. Dr. Eisenberg stated:

> "This letter is to certify that Laren Pisciotti is currently under my care and must be in a reduced stress environment due to her current cardiac condition. She is currently undergoing medical treatment."

ECF No. 56, page 5.

Thus, my medical circumstances were disclosed in April, June, and July, and all three physician documents were supplied with the July supplemental submission in response to the Court's direction. Those documents are readable in the copy of ECF No. 56 available through PACERMonitor. I refer to the existing record without unnecessarily reproducing unredacted medical information.

**October 12, 2026 - Current certification accompanying ECF No. 102**

The October certification supplied the current recommendation for the ensuing 90 days. The earlier documents establish the history of treatment and physician-directed concerns about stress; they do not replace the need to evaluate the current certification. Earlier extensions do not themselves resolve the medical need identified in that certification.

**4. My correction of the Commission was already on the record**

In its June 30, 2025 filing, the Commission stated:

> "At the March 6 telephonic hearing, Pisciotti made no mention of her condition or of any restrictions on her ability to find representation."

ECF No. 51, page 2.

I corrected that assertion in my July 1 response, ECF No. 52. The March 6 transcript was subsequently docketed on July 9, 2025, as ECF No. 55. The Commission later attached it to its December 1 filing as ECF No. 74-1.

The transcript records my statement:

> "I was having some health issues for the past couple of months which are still ongoing, which counsel was aware of."

ECF No. 74-1, transcript page 5, lines 20-22.

The transcript also places that disclosure before the Court announced that it would grant counsel's withdrawal. Transcript, pages 5-6. That sequence bears on the Commission's December 1 characterization of when my health concerns were raised.

My correction was already on the record in July. The transcript later attached by the Commission corroborated the disclosure I had identified. Although the hearing disclosure did not contain the detail supplied by the later physician documents, it did identify ongoing health concerns. I respectfully request that the history be evaluated using that complete chronology.

**5. Earlier communications do not establish present medical capacity**

In its October 15 opposition, the Commission stated:

> "As her conduct demonstrates, Defendant Pisciotti is capable of defending her interests in this litigation."

ECF No. 103, page 3.

The October 12 certification was submitted with my request and addresses the ensuing 90-day period. Reliance on earlier communications is backward-looking and does not establish my capacity during that period.

To the extent the Commission relies on communications after October 12, ECF No. 104 explained that I was attempting to protect my rights while medically unwell and against the medical advice I had received. Attempting a response does not establish that continued participation is medically advisable or that I can safely sustain the work necessary to conduct my defense.

**6. A meaningful opportunity to prepare and present my defense**

I respectfully submit that requiring me to proceed without an effective medical accommodation risks depriving me of a meaningful opportunity to prepare and present my defense, contrary to the Fifth Amendment's guarantee of due process.

My concern is concrete: if my documented medical limitations prevent me from completing necessary preparation, allowing deadlines to expire may impair my ability to obtain evidence, prepare testimony, and present my position.

The October 16 Order cited ECF No. 49 and S.E.C. v. Collector's Coffee, Inc., No. 19-cv-4355, 2023 WL 3686173, at *2 (S.D.N.Y. May 26, 2023). ECF No. 49 resolved earlier stay motions concerning parallel criminal proceedings, including the motion filed on my behalf by prior counsel.

The present application raises a distinct medical and due-process concern affecting my ability to conduct my defense without counsel. I respectfully request consideration of that basis under the Court's authority to manage proceedings and, as applicable to discovery, Rule 26(c)'s protection against undue burden.

**7. October 19 correspondence and third-party testimony**

I separately request permission to submit the complete October 19, 2026 email exchange as a subsequent development relevant to implementing the Order. I do not characterize it as evidence the Court previously overlooked.

At 1:02 p.m., Commission counsel Michael J. Friedman wrote:

> "We invite you to propose alternative dates for the SEC's deposition of you which is currently scheduled for October 27. What other dates do you propose prior to November 11?"

Those dates remain within the period addressed by the October certification.

Counsel also stated:

> "Please also be aware that the SEC's deposition of Robert Wilkos is postponed and will not occur on October 22. We will let you know as soon as possible whether the SEC's deposition will be rescheduled or whether it is cancelled."

At 2:10 p.m., I explained that even the limited correspondence was being prepared against the express medical advice I had received. I also stated:

> "The postponement of Mr. Wilkos's deposition is noted. I expressly reserve all rights concerning his testimony and related discovery, including the right to seek his deposition and/or issue a third-party subpoena pursuant to Rule 45 when medically able to participate."

I request an express extension of the applicable deadlines so that my medical limitations do not prevent a meaningful opportunity to seek and prepare for relevant third-party testimony, subject to the Federal Rules and further Court orders.

**8. Previously prepared Rule 11 motion**

I intend to file separately the Rule 11 motion served on the Commission on October 1, 2026, after expiration of the applicable safe-harbor period, provided the challenged matters have not been withdrawn or appropriately corrected and the applicable requirements are satisfied.

That motion was already prepared. Filing previously prepared work should not be treated as proof that I can safely undertake sustained litigation activity during the period addressed by my cardiologist's certification. I seek no Rule 11 relief through this reconsideration request.

**9. Requested relief**

I respectfully request that the Court:

1) Reconsider the October 16, 2026 Order denying ECF No. 102.

2) Grant temporary medical relief for the remainder of the 90-day period identified in the October 12 certification, specifying the ending date.

3) Adjourn my October 27 deposition and temporarily suspend obligations requiring my personal preparation or participation, including substantive litigation correspondence, conferences, hearings, court submissions, and related deadlines, except limited submissions necessary to seek relief or preserve rights as the Court permits.

4) Expressly extend affected discovery deadlines, including those necessary to seek and prepare for third-party testimony.

5) Pending determination of this request, suspend the October 23 accommodation meet-and-confer obligation, the October 23 third-party discovery joint-letter deadline established on October 2, and my October 27 deposition.

6) Alternatively, identify the activities that may proceed without my participation, defer activities requiring my participation, and set a date for medical reassessment.

7) Permit submission of the complete October 19 email exchange and provide directions for submitting any additional medical information with appropriate privacy protection.

I seek a defined period of medical relief that accounts for the Court's concern about delay, the current medical recommendation, and the responsibilities I must personally undertake to conduct my defense.

Respectfully submitted,

/s/ Laren Pisciotti
Laren Pisciotti
Defendant, appearing pro se

# EXHIBIT 1

Email correspondence dated October 19, 2026
with preceding email chain

# RE: SEC v. Pisciotti, et al. - Joint Status Report

From: Friedman, Michael (ENF) (friedmanmi@sec.gov)

To: larenpisciotti@yahoo.com; jonjorge@aras-law.com; balldan@sec.gov

Date: Monday, October 19, 2026 at 01:02 PM EDT

Good afternoon, Ms. Pisciotti –

We invite you to propose alternative dates for the SEC's deposition of you which is currently scheduled for October 27. What other dates do you propose prior to November 11?

Please also be aware that the SEC's deposition of Robert Wilkos is postponed and will not occur on October 22. We will let you know as soon as possible whether the SEC's deposition will be rescheduled or whether it is cancelled. In the event that we choose to reschedule the deposition, please let us know of any dates prior to November 11 when you may be unavailable due to medical treatment and we will work to accommodate your schedule.

Please let us know of your specific proposals for ways to accommodate your health condition, and we will consider them in light of the Court's order from last week.

**Michael J. Friedman**

Senior Trial Attorney

Division of Enforcement

(202) 551-7977

friedmanmi@sec.gov

U.S. Securities and Exchange Commission

**From:** Laren Pisciotti <larenpisciotti@yahoo.com>
**Sent:** Saturday, October 17, 2026 2:11 PM
**To:** Jon-Jorge Aras <jonjorge@aras-law.com>; Ball, Daniel <BallDan@SEC.GOV>
**Cc:** Friedman, Michael (ENF) <FriedmanMi@SEC.GOV>
**Subject:** Re: SEC v. Pisciotti, et al. - Joint Status Report

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

I am physically unwell as I write this communication and am doing so against medical advice, solely out of necessity to preserve my rights following the Court's October 16, 2026 Order. My ability to send this communication must not be misconstrued as evidence that I am medically capable of undertaking the substantial demands of defending myself.

The Commission's opposition to my medically supported request, followed by the Court's denial, has placed me in an untenable position. **I am effectively being forced to choose between my life and my fundamental right to defend myself.**

No defendant should be placed in a position where protecting their legal rights requires acting contrary to the express medical recommendations of a treating cardiologist who has previously documented potentially life-threatening cardiac risks.

The Commission was aware of my serious cardiac conditions prior to filing its complaint against me in September 2024. These conditions have since been repeatedly documented in the Court's record.

I encourage the Commission to consider the medical realities of living with third-degree complete heart block and an implanted pacemaker, compounded by paroxysmal supraventricular tachycardia (PSVT). These are serious cardiac conditions, not matters of ordinary stress or inconvenience.

As documented in the Court's record, my treating cardiologist previously warned that significant PSVT can be life-threatening. Most recently, on October 12, 2026, he expressly recommended that I avoid significant stressful activities, including legal and court proceedings, for 90 days.

In my opinion, the Commission's continued opposition to medically necessary relief, despite documented medical evidence and the express professional judgment of a treating cardiologist, represents a serious abuse of power.

Licensed cardiologists possess specialized medical education, training, and professional authority to assess cardiac conditions and associated risks, just as licensed attorneys possess specialized legal education, training, and professional authority within the practice of law.

Commission counsel would reasonably expect their professional legal judgment to be respected within their field of expertise. The professional medical judgment of a licensed cardiologist deserves the same respect within the field of medicine.

**A license to practice law does not confer a license to practice medicine. Legal disagreement does not constitute a medical opinion capable of displacing a treating cardiologist's professional assessment.**

Substantial medical evidence exists documenting my cardiac episodes, complete heart block, implanted pacemaker, and PSVT. I should not be required to place additional sensitive medical records into the public domain merely to substantiate the professional judgment of my treating cardiologist.

As a pro se defendant, I bear the responsibilities of both the defendant and the individual conducting my defense. If I respond while medically unwell, I risk acting contrary to medical advice. If I refrain from responding, I risk adverse consequences, procedural prejudice, and impairment of my ability to defend myself.

**These circumstances raise serious due process concerns. Requiring me to proceed despite documented medical restrictions risks materially impairing my ability to review evidence, respond to allegations, participate meaningfully in discovery, and present my defense. The right to a meaningful opportunity to be heard cannot be separated from the practical ability to exercise that right.**

My medical conditions, my cardiologist's warnings, and the Commission's opposition to medically necessary relief are well documented and known to my family, including the implications for my minor daughter. Should I suffer a serious cardiac event under these circumstances, the record will reflect the medical warnings, the Commission's prior knowledge, and the decisions made despite those warnings.

Pursuant to the Court's October 16 Order, I formally reiterate my request for accommodations consistent with my treating cardiologist's recommendations, including postponement of the October 27 deposition and discovery obligations requiring my personal participation. **I request the Commission's position in writing.**

Separately, the 21-day safe-harbor period concerning my previously served Rule 11 motion is approaching expiration. As the motion has already been prepared, I intend to proceed with filing it upon expiration of the applicable period if the challenged matters have not been appropriately withdrawn or corrected.

I intend to address these matters comprehensively in a motion for reconsideration, including the medical evidence already before the Court, the prejudice arising from my pro se status, the due process concerns presented, and the medical risks identified by my treating cardiologist.

I consider the Commission's position and the resulting circumstances materially prejudicial to my ability to defend myself. I expressly reserve my right to seek review under Federal Rule of Civil Procedure 72(a), together with all further judicial and appellate remedies available under law.

**This communication is made against medical advice solely to preserve my rights. It does not constitute consent to the existing schedule, evidence of my medical ability to participate, acceptance of the Commission's positions, or waiver of any rights, defenses, objections, or remedies.**

Respectfully,
**Laren Pisciotti**
Defendant, Pro Se

On Friday, October 16, 2026 at 04:08:27 PM EDT, Ball, Daniel <balldan@sec.gov> wrote:

As-filed copy attached for your records. Thank you.

**Daniel J. Ball**

Attorney

Division of Enforcement

**OFFICE** +1 202 551-5987

**MOBILE** +1 771 217-6383

balldan@sec.gov

U.S. Securities and Exchange Commission

---

**From:** Ball, Daniel
**Sent:** Friday, October 16, 2026 3:52 PM
**To:** 'Jon-Jorge Aras' <jonjorge@aras-law.com>
**Cc:** Laren Pisciotti <larenpisciotti@yahoo.com>; Friedman, Michael (ENF) <FriedmanMi@SEC.GOV>
**Subject:** RE: SEC v. Pisciotti, et al. - Joint Status Report

Thanks. Will get this filed (attaching redline against prior version).

**Daniel J. Ball**

Attorney

Division of Enforcement

**OFFICE** +1 202 551-5987

**MOBILE** +1 771 217-6383

balldan@sec.gov

U.S. Securities and Exchange Commission

---

**From:** Jon-Jorge Aras <jonjorge@aras-law.com>
**Sent:** Friday, October 16, 2026 3:06 PM
**To:** Ball, Daniel <BallDan@SEC.GOV>
**Cc:** Laren Pisciotti <larenpisciotti@yahoo.com>; Friedman, Michael (ENF) <FriedmanMi@SEC.GOV>
**Subject:** Re: SEC v. Pisciotti, et al. - Joint Status Report

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you, Daniel.

No additions from me.

Best,

Jon-Jorge

On Fri, Oct 16, 2026 at 2:53 PM Ball, Daniel <BallDan@sec.gov> wrote:

Yes.

**Daniel J. Ball**

Attorney

Division of Enforcement

**OFFICE** +1 202 551-5987

**MOBILE** +1 771 217-6383

balldan@sec.gov

U.S. Securities and Exchange Commission

---

**From:** Jon-Jorge Aras <jonjorge@aras-law.com>

**Sent:** Friday, October 16, 2026 2:34 PM

**To:** Ball, Daniel <BallDan@SEC.GOV>

**Cc:** Laren Pisciotti <larenpisciotti@yahoo.com>; Friedman, Michael (ENF) <FriedmanMi@SEC.GOV>

**Subject:** Re: SEC v. Pisciotti, et al. - Joint Status Report

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Daniel:

I am in review now- are you ok filing it by 4pm?

Best,

Jon-Jorge

On Fri, Oct 16, 2026 at 11:57 AM Ball, Daniel <BallDan@sec.gov> wrote:

Ms. Pisciotti – we understand you're seeking a stay from the Court due to medical issues. Because the Court has not yet ruled on your request, all of the deadlines are still in place (including the deadline for today's status report). We are not trying to overwhelm you with papers but need to comply with the Court's deadlines and give you the appropriate notice. We again are very sorry you are not feeling well and understand if you do not respond to this.

Mr. Aras – we did not receive anything from you yesterday for the status report. Can you please let us know whether you have anything to add? If we do not hear from you by 3PM, we will proceed with filing this solely on behalf of the SEC.

Note that we anticipate making the production we referenced in the letter today, so will include todays date in the "[X]" placeholder.

Thank you.

**Daniel J. Ball**

Attorney

Division of Enforcement

**OFFICE** +1 202 551-5987

**MOBILE** +1 771 217-6383

balldan@sec.gov

U.S. Securities and Exchange Commission

---

**From:** Laren Pisciotti <larenpisciotti@yahoo.com>
**Sent:** Thursday, October 15, 2026 5:14 PM
**To:** Jon-Jorge Aras <jonjorge@aras-law.com>; Ball, Daniel <BallDan@SEC.GOV>
**Cc:** Friedman, Michael (ENF) <FriedmanMi@SEC.GOV>
**Subject:** Re: SEC v. Pisciotti, et al. - Joint Status Report

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Daniel,

The Commission is fully aware of my deteriorating health, my cardiologist's warnings, and the potentially fatal consequences of its continued demands.

I genuinely believe the Commission is deliberately endangering my life to conceal that it knew I was a victim all along.

**How much harm is the Commission willing to inflict to protect its narrative?**

I will not participate in anything until medically cleared. My nonparticipation is not consent or waiver of any rights.

**The Commission is on notice. I will not sacrifice my life to protect its misconduct.**

**Laren Pisciotti**

On Thursday, October 15, 2026 at 04:57:10 PM EDT, Ball, Daniel <balldan@sec.gov> wrote:

Mr. Aras, Ms. Pisciotti – as previewed earlier this week, attached is our dispute section for the filing due tomorrow. Thank you.

- Tuesday (10/13) – SEC to provide draft joint report with placeholders for any discovery disputes for each party.
- Wednesday (10/14) – by noon, all parties disclose what they intend to raise in their discovery dispute sections.
- Thursday (10/15) – by 5PM, all parties provide their inserts for their discovery dispute sections (keeping it to two pages consistent with the Magistrate Judge's Individual Practices and Rules).
- Friday (10/16) – by noon, parties provide any final edits and provide consent for SEC to file.

**Daniel J. Ball**

Attorney

Division of Enforcement

**OFFICE** +1 202 551-5987

**MOBILE** +1 771 217-6383

balldan@sec.gov

U.S. Securities and Exchange Commission

---

**From:** Ball, Daniel
**Sent:** Wednesday, October 14, 2026 1:59 PM
**To:** 'Laren Pisciotti' <larenpisciotti@yahoo.com>; Jon-Jorge Aras <jonjorge@aras-law.com>
**Cc:** Friedman, Michael (ENF) <FriedmanMi@SEC.GOV>
**Subject:** RE: SEC v. Pisciotti, et al. - Joint Status Report

Ms. Pisciotti –

We understand your position, and though we are required to send you notice of certain litigation materials, we understand that you may not reply. We remain willing to discuss any additional accommodations that may be helpful under the circumstances, beyond the scheduling flexibility, breaks, and remote participation that we have previously agreed to. We feel compelled to note that neither Michael nor I recall ever stating that you appeared uninterested or anything along those lines, and we did not intend to make any statement like that. We are sorry that you are not feeling well.

Daniel

**Daniel J. Ball**

Attorney

Division of Enforcement

**OFFICE** +1 202 551-5987

**MOBILE** +1 771 217-6383

balldan@sec.gov

U.S. Securities and Exchange Commission

**From:** Laren Pisciotti <larenpisciotti@yahoo.com>
**Sent:** Wednesday, October 14, 2026 12:17 PM
**To:** Jon-Jorge Aras <jonjorge@aras-law.com>; Ball, Daniel <BallDan@SEC.GOV>
**Cc:** Friedman, Michael (ENF) <FriedmanMi@SEC.GOV>
**Subject:** Re: SEC v. Pisciotti, et al. - Joint Status Report

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**Daniel,**

I dispute several statements and characterizations in the draft joint status report and do not consent to it as written.

I notified you Friday of my health issues and was also experiencing cardiac symptoms during our last meet and confer. When you commented that I appeared uninterested, that was not the case. I was experiencing cardiac symptoms at the time.

The Commission has long been aware of my serious cardiac condition. My treating cardiologist's recommendation is already on the court record, and my request for a 90-day stay remains pending. I do not believe I should have to repeatedly explain my medical circumstances.

I am a mother to a minor daughter, and I will not risk my life by proceeding contrary to my cardiologist's medical advice. I will not allow these proceedings to jeopardize my life and leave my daughter without her mother.

Separately, please make all materials previously available through Accellion, along with the outstanding productions, available in the new system. Please ensure continued access and extend all related review and response deadlines to account for the requested stay.

Additionally, the 21-day safe-harbor period for my previously served Rule 11 motion expires on October 23. I am unsure how the Court will address

this in light of my pending medical stay request, but I intend to preserve my right to file the motion and pursue any available relief. Nothing in my request for a stay should be construed as a waiver of those rights.

Given my treating cardiologist's recommendation, I will not engage in further substantive litigation communications at this time, pending the Court's determination of my stay request.

I reserve all rights and objections.

Laren

On Wednesday, October 14, 2026 at 10:24:30 AM EDT, Ball, Daniel <balldan@sec.gov> wrote:

Ms. Pisciotti –

We are aware that you filed a stay request with the Court (which we plan to respond to). At this time, the Court has not modified the schedule, so we must proceed consistent with the deadlines the Court has imposed, including filing a status report on Friday.

We understand your position and can include a footnote in the report, noting *"As noted above, Defendant Pisciotti has moved the Court for a 90-day stay of all proceedings due to medical necessity. In light of this motion, Defendant Pisciotti has requested the SEC note that she does not consent to the status report as written and reserves her right to address these matters when medically able to do so."*

In terms of the discovery disputes we intend to raise in the status letter, as of now, they include:

*(1) Deficiencies associated with GlobalX's responses to our discovery requests (unless resolved by Friday); and*
*(2) The scheduling of your deposition, Ms. Pisciotti.*

Thanks,

Daniel

**Daniel J. Ball**

Attorney

Division of Enforcement

**OFFICE** +1 202 551-5987

**MOBILE** +1 771 217-6383

balldan@sec.gov

U.S. Securities and Exchange Commission

---

**From:** Laren Pisciotti <larenpisciotti@yahoo.com>
**Sent:** Tuesday, October 13, 2026 9:37 PM
**To:** Jon-Jorge Aras <jonjorge@aras-law.com>; Ball, Daniel <BallDan@SEC.GOV>
**Cc:** Friedman, Michael (ENF) <FriedmanMi@SEC.GOV>
**Subject:** Re: SEC v. Pisciotti, et al. - Joint Status Report

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Daniel,

I do have disputes with several statements and characterizations in the draft joint status report. However, given my pending request for a medically necessary 90-day stay, I am not in a position to address these issues or agree to the proposed schedule at this time.

As you know, the Commission has long been aware of my serious, life-threatening cardiac condition. I also proactively shared the letter from my treating cardiologist with you yesterday, specifically outlining his medical recommendation that I refrain from legal and court proceedings for 90 days.

I do not consent to the draft as written and reserve my right to address these matters when medically able to do so.

To the extent any participation or involvement is required of me personally, the same medical limitations apply.

Laren Pisciotti

On Tuesday, October 13, 2026 at 04:46:31 PM EDT, Ball, Daniel <balldan@sec.gov> wrote:

Ms. Pisciotti, Mr. Aras –

As you know, we owe the Court a joint status report on Friday, 10/16. Consistent with the schedule I proposed last week, which I've included below, attached is the draft joint section of the report. Let me know if you have any edits to this section.

- Tuesday (10/13) – SEC to provide draft joint report with placeholders for any discovery disputes for each party.
- Wednesday (10/14) – by noon, all parties disclose what they intend to raise in their discovery dispute sections.
- Thursday (10/15) – by 5PM, all parties provide their inserts for their discovery dispute sections (keeping it to two pages consistent with the Magistrate Judge's Individual Practices and Rules).
- Friday (10/16) – by noon, parties provide any final edits and provide consent for SEC to file.

Thanks,

Daniel

**Daniel J. Ball**

Attorney

Division of Enforcement

**OFFICE** +1 202 551-5987

**MOBILE** +1 771 217-6383

balldan@sec.gov

U.S. Securities and Exchange Commission