*** Filed ***
04:14 PM, 25 Oct, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SEC v. The Pre IPO Marketplace Inc., et al.**
Case No. 1:24-cv-06886-AMD-PCG

**Re: Emergency Request for Adjournment of October 26, 2026 Conference**

Dear Judge Cross-Goldenberg:

I respectfully request an emergency adjournment of the October 26, 2026 Zoom conference and deferral of my October 27 deposition, consistent with my treating cardiologist's express medical recommendations.

**The relevant chronology is as follows:**

**April 16, June 12, and July 14, 2025:** My treating cardiologist, Dr. Scott R. Eisenberg, issued medical notes documenting serious cardiac concerns and recommending reduced stress or avoidance of stressful environments. These were submitted at ECF No. 56, pages 3-5. None prescribed a specific duration.

**October 12, 2026:** Dr. Eisenberg issued a new certification expressly stating: "It is my medical opinion that she should not proceed with any significant stressful condition (eg legal/court proceedings) over the next 90 days." This certification was submitted with ECF No. 102.

**October 13, 2026:** I notified the Commission of the medical recommendation.

**October 15, 2026:** The Commission opposed my medical-stay request in ECF No. 103, relying in part on my prior litigation communications as evidence of my ability to defend myself.

**October 16, 2026:** The Commission filed its status report, and the Court denied my medical-stay request. That same day, at 2:11 p.m., I received an additional document production directly from the Commission, notwithstanding its position regarding the progression of discovery.

**October 19, 2026:** One business day after its status report, the Commission advised that Robert Wilkos's October 22 deposition was postponed and might be cancelled altogether, without explaining the reason in that correspondence, while continuing to pursue my October 27 deposition despite my documented medical restrictions.

**October 20, 2026:** I filed ECF No. 109 seeking reconsideration and specifically addressing the October 12 medical certification.

**October 21, 2026:** The Court denied reconsideration, characterizing my medical submissions as repeated notifications of my condition.

**Respectfully, the October 12 certification is materially different from the earlier medical notes.** For the first time, my treating cardiologist expressly identified legal and court proceedings and recommended a specific 90-day period. Neither the October 16 nor October 21 order expressly addresses that distinction. Repeated medical notifications do not demonstrate an ability to participate contrary to medical advice.

The Commission's October 15 opposition relied upon my prior litigation correspondence as evidence that I could defend myself. Respectfully, limited communications undertaken to preserve my legal rights,

including those prepared against medical advice, do not establish medical fitness to engage in sustained litigation proceedings.

**Significant discovery gaps remain unresolved.** Third-party productions continue on a rolling basis, and the Commission itself supplied additional materials on October 16. I continue to dispute the completeness of the Commission's production, including whether all responsive, nonprivileged materials within its possession, custody, or control have been produced, rather than only materials maintained within a designated investigative file. These concerns have previously been raised with the Court and Commission.

Mr. Wilkos is a material witness, particularly given information received through third-party discovery concerning his communications with individuals the Commission has characterized as harmed investors. The unexplained postponement of his deposition raises substantial concerns regarding my opportunity to examine him and meaningfully defend myself.

Additionally, I have not been receiving automatic electronic notifications of Court orders and docket activity and have instead been required to independently monitor the docket. Given my pro se status and documented medical limitations, I respectfully request clarification regarding timely electronic notice.

**I am preparing and submitting this correspondence against my treating cardiologist's express medical advice solely to preserve my rights and ability to defend myself.** Remote participation does not eliminate the medical concerns identified by my physician.

**I remain committed to vigorously defending myself, but I should not be required to choose between protecting my health and exercising my fundamental right to a meaningful defense.** Proceeding without a medically appropriate opportunity to prepare and participate risks substantial prejudice and raises serious concerns regarding due process and fundamental fairness.

I intend to seek district-judge review pursuant to Rule 72(a), but my medical limitations have substantially affected my ability to prepare those objections.

**Accordingly, I respectfully request that the Court adjourn the October 26 conference, defer my October 27 deposition consistent with my physician's express recommendation, preserve my opportunity to examine Mr. Wilkos and seek district-judge review, and issue an expedited ruling before tomorrow's scheduled hearing.**

This request is made in good faith and without waiver of any rights, objections, defenses, or previously requested relief. My submission should not be construed as medical clearance or consent to proceed contrary to my treating physician's recommendations.

Respectfully,
/s/ Laren Pisciotti
Defendant Pro Se