UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION, Plaintiff,
v.
JOHN LOPINTO, et al., Defendants.

*** Filed *** 11:17 PM, 28 Oct, 2026 U.S.D.C., Eastern District of New York

**Case No. 1:24-cv-06886**
**Honorable Ann M. Donnelly, United States District Judge**

# DEFENDANT LAREN PISCIOTTI'S OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a) AND EXPEDITED REQUEST FOR 90-DAY MEDICAL STAY

Defendant Laren Pisciotti, appearing pro se, respectfully objects under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Peggy Cross-Goldenberg's October 16, October 21, and October 26, 2026 rulings concerning medical relief and continued participation. Defendant requests expedited district judge review, a 90-day medical stay consistent with her treating physician's certification, and suspension of all litigation and discovery deadlines applicable to Defendant. This filing seeks procedural relief only and makes no substantive admissions.

## I. DOCUMENTED MEDICAL HISTORY AND PHYSICIAN RECOMMENDATION

Defendant has notified the Court of cardiac-related medical limitations since at least 2025. Docket Entry 56, filed July 14, 2025, includes treating-cardiologist documentation dating to April 2025 describing significant PSVT, stress-related risks, continuing treatment, and the need to avoid stressful environments. Subsequent June and July 2025 records reaffirmed those restrictions.

On October 13, 2026, Defendant filed Docket Entry 102 seeking a 90-day stay, with a certification from treating cardiologist Scott Eisenberg, D.O., dated October 12, 2026. The physician stated that, due to Defendant's cardiac condition, including PSVT, she should not proceed with significant stressful conditions, expressly identifying legal and court proceedings, over the following 90 days. Defendant reiterated the request in Docket Entry 104. Thus, both the defined period and supporting medical certification were presented before the October 16 denial.

Defendant is undergoing prescribed cardiac treatment and medication adjustments. Defendant reports that her condition and treatment have affected concentration, cognitive functioning, the ability to process and retain information, and the capacity to follow complex discussions and undertake litigation responsibilities. These are Defendant's reported functional effects; the October 12 certification does not independently attribute them to any particular medication.

## II. CHRONOLOGY AND CHALLENGED RULINGS

1. **October 13, 2026 (Dkt. 102):** Defendant requested a 90-day medical stay with physician certification.
2. **October 16, 2026 (Dkt. 104):** Defendant reiterated the 90-day request in response to the Commission.
3. **October 16, 2026 (order denying Dkt. 102):** The magistrate judge denied the stay, citing the applicable stay standard, prior extensions, and concerns about delay.

4. **October 20-21, 2026 (Dkt. 109 and order):** Defendant moved for reconsideration; the magistrate judge denied that request on October 21.
5. **October 26, 2026 (Dkt. 110 and order):** Defendant requested adjournment of the conference; the magistrate judge denied the request.
6. **October 26, 2026 (conference and Dkt. 111):** The conference proceeded, and Defendant's separate disability-accommodation request was docketed later that day.

## III. GROUNDS FOR RULE 72(a) REVIEW

Defendant respectfully requests review under Rule 72(a)'s clearly erroneous or contrary to law standard. The October 16 order relied in part on prior scheduling extensions and concerns about delay notwithstanding the treating physician's express, time-limited recommendation concerning stressful legal proceedings. Defendant asks the District Judge to assess whether the ruling adequately considered the medical evidence and the practical effect of requiring a self-represented defendant to continue litigation during the specified period.

The October 21 reconsideration order emphasized that Defendant had raised medical concerns repeatedly. Defendant submits that those repeated submissions should be evaluated in light of the documented continuity of the medical restrictions, rather than treated as diminishing their significance. Defendant also requests review of whether the October 26 adjournment ruling sufficiently accounted for the asserted inability to participate meaningfully, notwithstanding the Court's advance-notice rules. Defendant recognizes the Court's authority to manage its docket and seeks a defined, not indefinite, stay.

## IV. OCTOBER 26 CONFERENCE

Defendant attended the October 26 conference to comply with the Court's directive despite being medically unwell throughout her participation. Defendant reports difficulty following the discussion, processing information, and evaluating or responding to matters in real time. She informed the Court of her condition and ultimately advised that she could not continue, requiring her to end her participation. Her attendance should not be construed as demonstrating medical capacity to participate meaningfully.

The conference minute entry set deadlines for depositions on December 4, a joint status report on December 10, and initial expert reports on December 18, 2026. Defendant requests that the District Judge consider the conference circumstances and Docket Entry 111 and, when medically appropriate, permit Defendant to address any substantive commitments attributed to her during the proceeding.

## V. COMPLEXITIES OF DISCOVERY AND THE INVESTIGATIVE RECORD

Defendant has consistently raised concerns about the integrity, authenticity, and completeness of the investigative record, including, but not limited to, forgery, identity theft, unauthorized financial accounts, signatures Defendant identifies as not hers, altered documents, and inconsistent versions of the same records. These are matters raised by Defendant, not findings requested or established in this objection.

Outstanding matters also include rolling and third-party production, disputes over investigative records, incomplete account-opening materials, a cancelled co-defendant deposition, inquiries about materials referenced in sworn testimony, questions about third-party subpoena service, and potentially overlapping investigations and criminal proceedings. The Commission has also served Requests for Admission. These

issues require extensive review and reconciliation of records, and Defendant must perform the work of her defense without independent counsel.

Defendant requests that the District Judge consider the cumulative burden without limiting review to these examples and undertake any further review of the relevant record deemed appropriate within the Court's authority. Defendant does not seek merits adjudication of the underlying evidentiary disputes through this objection unless the Court determines such consideration is necessary and procedurally appropriate.

## VI. MEDICAL NECESSITY AND PRESERVATION OF RIGHTS

Defendant faces a conflict between following medical advice intended to protect her health and meeting litigation deadlines that may affect her defense. Defendant is submitting this limited objection despite the treating physician's recommendation to avoid significant stressful activities, including legal and court proceedings, because she believes action is necessary to preserve her procedural rights. The effort to file should not be interpreted as medical improvement or capacity to resume ongoing litigation. Her medical limitations have restricted the completeness of this submission.

## VII. REQUEST FOR RELIEF

1. Review and modify or set aside the challenged magistrate judge rulings to the extent clearly erroneous or contrary to law under Rule 72(a).
2. Grant an immediate 90-day medical stay consistent with the treating physician's recommendation.
3. Suspend all litigation and discovery deadlines applicable to Defendant, including the response period for pending Requests for Admission, and establish revised deadlines following the stay.
4. Grant interim suspension of applicable deadlines pending resolution of these objections.
5. Consider the relevant docket history, Docket Entry 111, and Defendant's account of the October 26 conference.
6. Grant leave to supplement the specifically identified objections and supporting materials upon a showing of good cause and as permitted by applicable rules.
7. Grant such other relief as the Court deems just and appropriate.

## VIII. DISCLOSURE, SCOPE, AND RESERVATION OF RIGHTS

This submission is prepared and filed despite medical advice to avoid significant stressful activities, including legal and court proceedings, for 90 days. Defendant files to protect her procedural rights while medically limited. It is not intended as an exhaustive presentation of all factual, procedural, evidentiary, discovery-related, or legal issues, nor as a request to restrict the Court's consideration of the relevant record. Defendant requests leave, upon good cause and within applicable procedural rules, to supplement the specific objections raised when medically able.

Nothing herein constitutes an admission, concession, stipulation, or intentional waiver of any substantive right, defense, or objection otherwise available under applicable law. Defendant respectfully requests expedited consideration.

Respectfully submitted,

/s/ Laren Pisciotti
Laren Pisciotti
Defendant, Pro Se

Dated: October 28, 2026